THORNTON *versus* BLAISDELL *& al.*

A motion, addressed to the discretion of the presiding Judge, is not subject to exceptions.

In a suit against two defendants upon a promissory note, if one is defaulted, *he* is incompetent to testify for the other.

The privilege of a *party* of swearing to usury in his contract, is *personal* to him who alleges it.

Thus where one of two defendants in a suit upon a note is defaulted, *he* cannot be a witness to prove usury in the contract.

ON EXCEPTIONS from *Nisi Prius*, WELLS, J., presiding.

ASSUMPSIT on a promissory note purporting to be signed by the defendants. Blaisdell, one of the defendants, was defaulted at a prior term of the Court, but at the time of

the trial a motion was made to have his default taken off, which was denied. Gilpatrick, the other defendant, then pleaded the general issue, and upon the trial offered Blaisdell, the defaulted defendant, as a witness; 1st, to prove usury in the note declared on; 2d, as a witness generally.

The presiding Judge ruled that he was incompetent, and a verdict was returned for the plaintiff.

*Shepley* and *Hayes,* in support of ·the exceptions.

1. Blaisdell, having been defaulted, was a competent witness generally, for Gilpatrick, his co-defendant.

The rule which would exclude the testimony of a defaulted defendant in behalf of his co-defendants, has been greatly relaxed, until it is believed to be now settled that he is competent in all cases where he is not in some way interested, or where his testimony cannot directly make for himself. Greenl. on Ev. § § 356 and 357.

The reason for excluding such a witness, in *Gilmore* v. *Bowden & al.,* 3 Fairf. 412, "that the defaulted defendant was a party to the record," would seem to be just as forcible in an action of tort, where the rule is uniformly the other way.

The reason given by the Court in *Bull* v. *Strong & al.,* 8 Met. 8, is more satisfactory and conclusive.

Under a Massachusetts statute, the Court of that State has allowed a witness under these circumstances to testify. *Bradlee* v. *Neal,* 16 Pick. 501; *Chaffee* v. *Jones,* 19 Pick. 260.

Our own statutes, c. 115, § 11, would seem to authorize the same ruling. The decision of *Gilmore* v. *Bowden & al.,* was made before the passing of this statute.

2. Blaisdell was at least competent to testify to usury in the note declared on, between himself and the plaintiff.

The note was joint and several. Either of these debtors were entitled to the benefit of any payments made thereon above the legal rate of interest. R. S., c. 69, § § 2 and 3; c. 192 of Laws of 1846.

The avoidance of excessive interest by the provisions of

this statute is not a personal privilege, so that one of several defendants, who may know of large sums of usury paid to the plaintiff, may submit to a default and deprive his co-defendants of the benefit of his knowledge. The language of the statute is explicit, — "if the debtor, or any one of them, (no matter what his position, whether defaulted or not,) when there are two or more, shall come into Court, and shall actually swear, &c., all such excess above legal interest shall be void, and the debtor shall be discharged from the payment of it, unless," &c.

This construction is favored by the provisions of the 7th §, (now repealed.)

"The party, so reserving and taking more than legal interest, shall recover no costs, but shall pay costs to the defendant; provided the damages shall be reduced by the oath of any one of the defendants, where there are more than one, by reason of such usurious interest."

In *Knights* v. *Putnam & al.*, 3 Pick. 171, it was held that all the debtors must swear to the usury under the statute of Massachusetts, at that time, which provided that "if the debtor or debtors," &c.

But our statute expressly makes the oath of one sufficient.

In this case the Court refused to take off the default of Blaisdell, and refused to allow him to testify to usury in the note declared on, because he had been defaulted, thus depriving his co-defendant, (and perhaps with the collusion of the plaintiff,) of the benefits of the statute concerning usury. The language of the statute seems too explicit to allow such a result.

*L. D. Wilkinson,* contra.

1. The refusal of the presiding Judge to take off the default of one of the defendants, was, under the circumstances, a mere matter of discretion, and not the proper subject of exception. 5 Pick. 206; *Clapp* v. *Balch*, 3 Maine, 216; *Leighton* v. *Mason*, 14 Maine, 208.

2. The refusal to admit Blaisdell to prove usury in the

note between plaintiff and himself was correct, for to prove
usury under our statute law, is a mere personal privilege, to
be exercised by the debtor and him alone.   It must be for
his own benefit and not for any one else.   Blaisdell had
been defaulted, and that default had been acquiesced in for
a long time, with counsel learned in the law managing the
defence.   And Blaisdell, by such default, admitted in the
strongest manner that he had no defence to make; that he
did not wish to take advantage of the statute of usury.   It
is only by pleading the general issue that a party may avail
himself of such a defence under the Act.   Blaisdell could not
by any possibility avail himself of this Act, for he had made
no such plea, and if he could not set up this plea for him-
self, he could not be a competent witness to prove it for the
other defendant, unless otherwise a competent witness in
the case generally.

It appears by the exceptions that the defendant Gilpatrick
is not interested in the question of usury.   He raises the
point between the plaintiff and Blaisdell alone.   There is
no pretence that he, Gilpatrick, ever paid any usury, and he
therefore has no right to make a defence upon that ground.
It is only he who suffers the loss that can make any claims
for usury.   *Green* v. *Kemp,* 13 Mass. 515, and 9 Mass. 45;
*Webb* v. *Wilshire,* 19 Maine, 406; *Little* v. *White,* 8 N. H.
276.

3.  Blaisdell was not a competent witness, generally.   The
exceptions on this branch of the case do not contain enough
to enable the Court to judge whether he should have been
admitted or not.   They do not state what was offered or pro-
posed to be proved by him.   This should have been stated
so that the Court could know whether the evidence was ma-
terial.   The exceptions must show that the party has cause
of complaint.   *Comstock* v. *Smith,* 23 Maine, 202; *Bryant*
v. *Couillard,* 32 Maine, 520; *Emery* v. *Vinall,* 26 Maine,
295.

But he was a party to the record, and that is a sufficient
reason for his rejection.   There are some exceptions to this

rule, but this case comes not within either of them. *Gilmore* v. *Bowden & al.*, 12 Maine, 412 ; *Kennedy* v. *Niles,* 14 Maine, 54 ; *Fox* v. *Whitney*, 16 Mass. 118.

Besides, the proposed witness was interested in the result, and was therefore rightfully excluded. We could not take judgment against him alone, and if his testimony should have defeated our claim against Gilpatrick, then it would operate as a defence to the whole action, and the jury would have been obliged to render a verdict for the defence generally. The plaintiff might have discharged him, but that was not done, and so both are parties to the record and the plaintiff was bound to obtain judgment against both or neither, and therefore it is clear that Blaisdell was interested to make a defence for Gilpatrick and thereby for himself and get his costs.

The case of *Tuttle* v. *Cooper & als.* 10 Pick. 281, strongly resembles the case at bar, and comprises a full and complete investigation and examination of the principles and authorities bearing upon the point in issue, and to which the Court is referred as a part of my argument.

HOWARD, J.—The plaintiff declared upon a joint promise of the defendants, and must maintain the promise and liability alleged, or fail in his suit. In an action *ex contractu,* against several, a judgment cannot be rendered against one, without including the others, unless they have been discharged by operation of law, or exempted by some personal matter, from the obligation of the contract. 1 Chitty's Pl. 32 ; *Chandler* v. *Parkes & al.* 3 Esp. R. 76 ; *Nolce & al.* v. *Ingham, in error,* 1 Wilson, 89 ; *Tuttle* v. *Cooper & al.,* 10 Pick. 281, where the general rule, and the exceptions to it, are largely discussed, by SHAW, C. J., as recognized in English and American cases. But such discharge, or exemption is not assumed in defence of this case.

One of several defendants, in an action *ex contractu,* who has been defaulted, cannot be a witness for another who defends, because he is interested to defeat the suit against the latter, and thereby to prevent a judgment against him-

self. 1 Greenl. Ev. § 356; *Bull* v. *Strong*, 8 Metc. 8; *Noon* v. *Eldred*, 3 Hill, 104, n. a; *Mills* v. *Lee & al.* 4 Hill, 549. The cases of *Bradlee* v. *Neale*, 16 Pick. 501, and *Chaffee* v. *Jones*, 19 Pick. 260, were decided upon the provisions of a statute of Massachusetts, 1834, c. 189, since repealed, and do not conflict in principle, with previous and subsequent decisions by the same Court, upon the general rule of law in such cases.

After a default, therefore, Blaisdell was not a competent witness for Gilpatrick, the other defendant, at the trial, as he was directly interested to sustain the defence.

It was competent for Gilpatrick to prove usury by competent testimony of others, or to support the defence of usury by his own oath. R. S., c. 69, § § 2, 3. But Blaisdell, who had suffered a default to be entered against him, could not defend on any ground. For, by the default he admitted the cause of action, and that the amount claimed upon the contract was due, and yielded all his right to a defence; and final judgment might have been rendered, without further evidence as to his liability. As a party to the suit, and a debtor by default and admission, he could not, under the provisions of the statute, "come into Court, where the cause is pending," and swear to the usury assumed by another party who made defence. If both had been defaulted, the question of usury could not have been raised by either. The privilege of a party, of swearing to usury in his contract, is personal to him who alleges it, and defends, and cannot be invoked by another. As a party, then, Blaisdell had waived that privilege, by suffering a default, and as a witness for the other defendant, he was incompetent by reason of interest in the event of the cause.

The motion to take off the default was addressed to the discretion of the presiding Judge, and his ruling upon it cannot be reëxamined upon exceptions.

*Exceptions overruled. Judgment on the verdict.*

SHEPLEY, C. J., and TENNEY, WELLS and APPLETON, J. J., concurred.